US DISTRICT COURT
Northern District of Texas



FILED

MAR 0 5 2018

Clerk, U.S. District Court
Texas Eastern

CRAIG CUNNINGHAM, an Individual,

    Plaintiff,

vs.

American Fresh Start, LLC, Ali Ahmed Salame
    Defendant.
_____/

Case Number:

## Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and can be served documents at the address of the undersigned below.

2. American Fresh Start, LLC is a Michigan corporation operatin from 15544 Michigan Ave., Dearborn, MI 48126 and can be served at 460 N. Gulley Rd., Dearborn, MI 48128 or the other address or 5009 Reuter St., Dearborn, MI 48126.

3. Ali Salame is a natural person who can be served at either of the addresses above.

4. John or Jane Does 1-5 are currently unknown persons or entities also liable for the calls in this case.

### Jurisdiction

5. Jurisdiction of this court arises as the acts happened and the defendants solicit individuals including the Plaintiff in this district

6. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

7. In 2017 through the present, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone.

8. The phone calls were to the Plaintiff's cell phone 615-348-1977 and were soliciting the Plaintiff to purchase household items at absurdly inflated prices, such as a pack of light bulbs for $100.

9. Ali Ahmed Salame is a member of the corporation and has a history of multiple criminal arrests for tresspassing and felony narcotics distribution in Jan 2014.

10. His latest scheme is to do illegal telemarketing selling inflated household goods, under the guise of being a charity, but the company is not a non-profit and is not a charity, but a for profit corporation defrauding consumers under false pretenses.

11. The calls were clearly initiated using an automated telephone dialing system as multiple calls had long delays of dead air before disconnecting. For example, on 3/31/2017, the Plaintiff recieved a call from 313-908-9166, which the Plaintiff has identified as being associated with American Fresh start previously. The call had 12 seconds of dead air before disconnecting, which is indicative of being initiated using an automated telephone dialing system. On May 2nd, 2017, the Plaintiff recieved another call soliciting a payment, and the Plaintiff stated he didn't want any products from them and wasn't going to pay and the agent threatend to send the account to an outside collection agency to which the Plaintiff replied *"Go right ahead"* and finally ended by saying *"we'll just keep calling"* to which the Plaintiff replief *"No, don't keep calling"* In a call on 4/10/2017, there were 5

seconds of dead air from a call from the same 9166 number before the line disconnected.

12. The Plaintiff has documented at least 17 calls, but is researching his call records and will likely identify more.

13. These phone calls violated the TCPA, 47 USC 227 et seq in two ways, first by initiating calls to the Plaintiff's cell phone using an automated telephone dialing system and second by failing to such as the name of the calling entity, maintaining a written do not call policy, training agents on the do not call policy, identification of sellers and telemarketers, which violate 47 USC 227(c)(5) under the FCC's rule making authority in 47 CFR 64.1200(d) which entitles the Plaintiff to $1500 per call and second by the automated nature of them and by containing pre-recorded messages that were directed to the Plaintiff's cell phone, which violates 47 USC 227(b) and additionally entitles the Plaintiff to an award of $1500 per call. In total, each call entitles the Plaintiff to recover $3,000 per call.

14. Ali Ahmed is individually, jointly, and severally liable for the calls placed by or on behalf of American Fresh Start, LLC as he personally participated, directed employees to make the automated calls, and authorized the calls to be made on behalf of American Fresh Start, LLC. Ali Ahmed knew that the illegal calls would be placed and sought to profit from coercing consumers to pay inflated prices for ordinary household goods such as trash bags or light bulbs.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

15. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name, address, and phone number of the entity placing the phone calls. These actions violate 47 USC 227(b) and entitle the Plaintiff to $1500 per call in damages as these were willful actions.

### CAUSES OF ACTION:
### COUNT II
### Violations of the Telephone Consumer Protection Act (TCPA)

17. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message. These calls also violated 47 USC 227(c)(5)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for violations of the TCPA.

C. Punitive Damage of $100,000 for violations of the TCPA

D. Actual damages as determined by a judge/jury

E. Pre-judgment interest from the date of the phone calls.

F. Attorney's fees for bringing this action; and

G. Costs of bringing this action; and

H. For such other and further relief as the Court may deem just and proper

*Craig Cunningham*
Plaintiff,
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977 3/5/2018